IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH A. BROWN, #Y62174, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-01885-JPG |
| ) | |
| BRIAN P. BRENNER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Keith Brown, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Centralia Correctional Center, filed a Complaint against Alton Police Department Sergeant Brian Brenner (Badge #504) pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that the officer used excessive force during his arrest on January 23, 2024. Sergeant Brenner allegedly kicked Plaintiff and caused him to sustain a left temporal lobe fracture, hemorrhage, vision loss, hearing loss, and broken ribs, while Plaintiff was on the ground being handcuffed. At the same time, Sergeant Brenner allegedly yelled, "You dumb son of a bit**. I could of killed you, you piece of sh*t." *Id*. at 6-7. Plaintiff seeks money damages for the alleged Fourth Amendment violations. *Id*.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## Discussion

Based on the allegations summarized above, the Court designates a single count in the *pro se* Complaint:

**Count 1:** Fourth Amendment claim against Sergeant Brenner for using unreasonable force against Plaintiff during his arrest on or around January 23, 2024.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Fourth Amendment safeguards "[t]he right of the people to be secure in their persons" and prohibits unreasonable seizures.  *See Torres v. Madrid*, 592 U.S. 306 (2021) (application of physical force to the body of a person with intent to restrain is a seizure, even if the force does not subdue the person).  The allegations suggest that the sergeant used unreasonable and excessive force against Plaintiff on or around January 23, 2024, by kicking and injuring him while Plaintiff was handcuffed.  Accordingly, Count 1 shall receive further review against Sergeant Brenner.

## Disposition

The Complaint (Doc. 1) survives screening, and **COUNT 1** will receive further review against **SERGEANT BRIAN P. BRENNER**, in his individual capacity.

The Clerk of Court shall prepare for **SERGEANT BRIAN P. BRENNER (Badge #504)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be kept in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**Because the claim in this case involves physical injuries that necessitated medical treatment, the Clerk's Office is DIRECTED to ENTER the standard HIPAA-Qualified Protective Order.**

**IT IS SO ORDERED**.

DATED: 10/8/2024	<u>s/J. Phil Gilbert</u>
	**J. PHIL GILBERT**
	**United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.