UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH A. BROWN,<br><br>   Plaintiff,<br><br>  v.<br><br>BRIAN P. BRENNER, THOMAS GATTUSO, BRENT MOSS, & MARY MAGGART,<br><br>   Defendants. | Case No. 3:24-cv-1885-JPG |

### MEMORANDUM AND ORDER RECRUITING COUNSEL

This matter comes before the Court on several motions. (Docs. 30, 32, 36). The Plaintiff filed his motions on January 16, 17, and 21, 2025, respectively. The Court construes his motion to request assistance, (Doc. 30), as a second motion for recruitment of counsel.

Finding that the Plaintiff requires counsel, the Court hereby **GRANTS** the motion and will recruit Attorney **Michael L. Nepple** of **Thompson Coburn, LLP** in St. Louis, Missouri, as counsel to represent the Plaintiff in this matter. Counsel shall appear on or before **February 14, 2025**. As the Plaintiff will shortly be assisted by counsel, his pro se motions concerning discovery, (Doc. 32), and requesting leave to file a second amended complaint, (Doc. 36), the Court **FINDS AS MOOT**. Additionally, the deposition scheduled for January 31, 2025, and all other scheduled discovery matters that would involve the Plaintiff or Plaintiff's counsel **SHALL BE POSTPONED** until such a time as Plaintiff's counsel enters an appearance and the parties mutually agree on acceptable dates.

 **I.**  **BACKGROUND**

The Plaintiff, Keith A. Brown, is currently incarcerated at the Centralia Correctional Center in Centralia, Illinois. He filed this suit on August 15, 2025. In his amended complaint, he

claims that on January 23, 2024, he was arrested by an officer from the Alton Police Department and, during that arrest, he was restrained and "set up" by multiple officers, and then repeatedly kicked in the head by another officer. Brown alleges that as a result of that battery, he suffered various skull and rib fractures. Additionally, Brown alleges that he also suffered a brain hemorrhage and permanent partial loss of hearing and vision.

Alongside his complaint, Brown filed a motion for recruitment of counsel. (Doc. 3). However, the Court denied that motion. (Doc. 7). The Court found that, while Brown had demonstrated reasonable efforts to find counsel by attaching three letters from attorneys or law firms, he had not demonstrated a need for counsel at that early stage of the proceedings. Yet, the Court advised that, if his complaint survived screening, went on to merits discovery, and he encountered difficulty in self-representation; he may renew his request for counsel.

On October 8, 2024, the Court found that some of his claims survived screening. Accordingly, the Court entered a scheduling order and the Defendants scheduled the Plaintiff's deposition for January 31, 2025. Brown has moved for assistance of counsel at this deposition and asked for an outside doctor to review his claims of medical injuries. (Docs. 30, 32). He has also moved to amend his complaint again. (Doc. 36).

II.     **LEGAL STANDARD**

There is no constitutional or statutory right to the appointment of counsel in a civil case. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). However, the district court has inherent authority to recruit counsel for an indigent litigant in order to ensure the orderly prosecution of litigation.[1] 28 U.S.C. § 1915(e)(1). When presented with a motion for

---

[1] Courts "do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter," *Gonzalez v. Dittman*, 2023 U.S. Dist. LEXIS 74097, at *2 (W.D. Wis. Apr. 27, 2023); rather, Courts may only recruit counsel. *E.g.*, *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007).

counsel, the Court must determine whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the complexity of the case exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). "The decision to recruit pro bono counsel is a . . . two-fold inquiry into both the difficulty of the claims and the plaintiff's competence to litigate those claims himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

Essentially the Court compares the complexity of the case with the plaintiff's litigation abilities. When evaluating a plaintiff's litigation abilities, the Court not only looks at the various factors that would indicate whether a plaintiff has the abilities necessary to prosecute their case, the Court also takes into account a plaintiff's medical condition if that condition would impact their ability to litigate effectively.

### III.   ANALYSIS

In the order denying Brown's motion for recruitment of counsel, (Doc. 7), the Court stated that Brown's request for counsel was premature and advised him that he could renew his request if his claims survived screening and proceeded to merits discovery. On October 8, 2024, the Court found that one of Brown's claims survived screening. The Court designated a single count in the *pro se* Complaint: A Fourteenth Amendment claim against Sergeant Brenner for unreasonable use of force during his arrest. Brown then added the remaining defendants in his amended complaint; that, too, survived screening. Now, Brown has moved for assistance of counsel at a deposition scheduled for January 31, 2025, (Doc. 30), which the Court construes to be that renewed request for appointment of counsel.

In its previous denial of Brown's motion for recruitment of counsel, the Court found that Brown had demonstrated his indigence and reasonable efforts to obtain counsel; however, the

3

Court concluded that, at such an early stage of the proceedings, Brown had failed to demonstrate that he had a genuine need for counsel. Neither Brown's indigence nor his efforts at obtaining counsel have changed. What has changed is the stage of this litigation. Therefore, the Court must determine whether the difficulty of the claims and the Plaintiff's competence, considering this case has moved forward onto merits discovery, now tips the scales in favor of recruiting counsel for the Plaintiff; the Court finds that it does.

While the Plaintiff has shown an ability to engage in basic motion practice, discovery is an entirely different matter. Discovery issues are often complex and time-consuming in even relatively simple cases; when the claims relate to medical issues that require the expertise of dueling neurologists and the Plaintiff is limited in his ability to seek an expert by virtue of his incarceration, those issues go far beyond the scope of the average person's ability to represent themselves effectively.

Ultimately, several factors weigh in favor of recruiting counsel to represent this indigent plaintiff. This case involves a potentially complex medical claim that will likely require extensive discovery and involve conflicting expert testimony. It also involves ongoing medical issues—primarily traumatic brain injuries—that may impact the Plaintiff's ability to litigate. Under the circumstances, his ability to find an attorney, conduct discovery, negotiate a settlement, and prepare for trial are highly limited. Here, recruitment of counsel would provide the Plaintiff with the guidance he requires to prosecute this case in the most efficient manner.

In summary, the Court finds that the Plaintiff has satisfied all the necessary and sufficient conditions to warrant recruitment of counsel.

## IV. DISPOSITION & ADVISEMENTS

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), the Court has randomly selected and an attorney from this Court's Pro Bono Panel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent the Plaintiff. Accordingly **MICHAEL L. NEPPLE** of **THOMPSON COBURN, LLP** in St. Louis, Missouri, is **RECRUITED** to represent the Plaintiff in this civil rights lawsuit. The scope of that representation shall be limited to this case alone—it does not extend to any other civil case, nor does it extend to the unrelated criminal case that the Plaintiff is incarcerated for.

Attorney Nepple shall enter an appearance in this case on or before **February 14, 2025**. Recruited counsel is free to share responsibilities with another attorney at the same law firm who is also admitted to practice in the Southern District of Illinois. Recruited counsel, however, must enter an appearance and make first contact with the plaintiff and explain that another attorney may also be working on the case. Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

The Plaintiff should wait for his recruited counsel to contact him in order to allow him an opportunity to review the court file. **Now that counsel has been assigned, the Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation**. Therefore, his motions to recruit an outside expert at the Government's expense, (Doc. 32), and his second motion to amend his complaint, (Doc. 36), are deemed moot. However, counsel is free to renew these motions if he finds them to be merited. Also, the Plaintiff is warned that if counsel is allowed to withdraw at the request of the Plaintiff, there is no guarantee the Court will recruit other counsel to represent him.

Additionally, the deposition scheduled for January 31, 2025, and all other scheduled discovery matters that would involve the Plaintiff or Plaintiff's Counsel **SHALL BE POSTPONED** until such a time as Plaintiff's counsel enters an appearance and the parties mutually agree on acceptable dates. The parties shall then draft and file a joint motion to amend the Court's scheduling order to reflect those new dates.

Both Plaintiff and Counsel are **ADVISED** that, because plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case—either by verdict or settlement—any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case, or the costs exceed any recovery, the Court has the discretion to reimburse expenses. Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form "motion for out-of-pocket expenses" and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case, nor does the Court have the authority to reimburse expenses beyond the maximum amount detailed in the Plan. Assigned counsel may move for an exemption from PACER fees for this case, however, no portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.

As of this date, the Plaintiff's contact information is as follows:

**KEITH A. BROWN, (Y62174)**

**CENTRALIA CORRECTIONAL CENTER**

**9330 SHATTUC RD.**

**CENTRALIA, IL 62801**

V.     <u>**CONCLUSION**</u>

Finding that the Plaintiff is indigent, has expended reasonable efforts at recruiting outside counsel, and that prosecuting this case is beyond his ability at this advanced stage of the proceedings; the Court hereby **GRANTS** the construed second motion for recruitment of counsel. (Doc. 30).

Accordingly, Attorney **MICHAEL L. NEPPLE** of **THOMPSON COBURN, LLP** in St. Louis, Missouri, is hereby **RECRUITED** as counsel to represent the Plaintiff. Attorney Nepple shall enter an appearance on or before **February 14, 2025**. Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures and Section 2.6 of this Court's Plan for the Administration of the District Court Fund regarding possible compensation.

The Clerk of Court is **DIRECTED** to transmit this Order, a copy of the docket sheet, both complaints, both orders for service of process, and both of the Defendants' answers, (Docs. 1, 11, 18, 21–22, 26), to Attorney Nepple. The electronic case file is available through the CM/ECF system.

N**ow that counsel has been assigned, the Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation** (however, in such a circumstance, new recruited counsel is not guaranteed).

Therefore, the Plaintiff's motion to recruit an outside expert at the Government expense, (Doc. 32), and his second motion to amend the complaint, (Doc. 36), the Court **FINDS AS MOOT**.

Additionally, the deposition scheduled for January 31, 2025, and all other scheduled discovery matters that would involve the Plaintiff or Plaintiff's counsel **SHALL BE POSTPONED** until such a time as Plaintiff's counsel enters an appearance and the parties mutually agree on acceptable dates. The parties shall then file a joint motion to amend the Court's scheduling order to reflect those new dates.

**IT IS SO ORDERED.**
**DATED:  January 24, 2025**

                                                  *s/ J. Phil Gilbert*
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**